UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNA L. ROBINSON

VERSUS

ACADEMY LOUISIANA COMPANY, L.L.C.
D/B/A ACADEMY SPORTS + OUTDOORS

CIVIL ACTION

NUMBER 09-771-JJB-SCR

**RULING ON MOTION TO QUASH DISCOVERY AND FOR PROTECTIVE ORDER**

Before the court is the Motion to Quash Written Discovery and for Protective filed by plaintiff Anna L. Robinson. Record document number 42. The motion is opposed.[1]

Intervenor Donna U. Grodner served the plaintiff with written discovery requests. Plaintiff argued that these discovery requests are improper for various reasons. After the motion was filed, the district judge denied the plaintiff's Motion to Dismiss the Petition for Intervention, without prejudice.[2] His Order further advised that if the parties file summary judgment motions relative to the intervention, then they are required to address whether the merits of the intervention must be decided before liability on the underlying tort claim is resolved.

As a consequence of the Order on the Motion to Dismiss, in her opposition to the motion to quash the intervenor argued that the discovery she sought is not relevant at this time, because if the

---

[1] Record document number 44.

[2] Record document number 43.

underlying tort claim is not successful the intervention would be moot and the discovery sought would be moot as well. Intervenor expressed no serious concern that information and documents sought would be destroyed or lose any evidentiary value if they are not produced until a later date. Intervenor argued that the motion to quash should be dismissed without prejudice and the discovery held in abeyance until the intervention becomes justiciable, presumably after the underlying tort claim is resolved.

Intervenor's proposed course of action is reasonable in the current circumstances.

Accordingly, the plaintiff's Motion to Quash Written Discovery and for Protective is granted in part and denied in part, without prejudice. Plaintiff is not required to serve responses to the intervenor's discovery requests at this time. After the plaintiff's underlying tort claim is resolved, the intervenor may request that the plaintiff serve her discovery responses, at which time the plaintiff may re-urge her motion (with supplemental briefing if warranted, if at that time the relevant circumstances have changed).

Pursuant to Rules 26(c)(3) and 35(a)(5)(C), Fed.R.Civ.P., the plaintiff and the intervenor shall each bear their respective costs incurred in connection with this motion.

Baton Rouge, Louisiana, August 16, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE