UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANNA L. ROBINSON

VERSUS

ACADEMY LOUISIANA CO., L.L.C., D/B/A
ACADEMY SPORTS + OUTDOORS

CIVIL ACTION

NO. 09-771-JJB-SR

## RULING ON DEFENDANT'S MOTION TO STRIKE AND MOTION IN LIMINE

This matter is before the Court on Defendant Academy Louisiana Company, L.L.C. d/b/a Academy Sport + Outdoors' ("Academy") Motion to Strike, Alternatively, Motion *In Limine* to Exclude Plaintiff's Expert Witness, Andrew J. McPhate (doc. 48). Plaintiff has filed an opposition (doc. 50). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On August 28, 2009, Plaintiff Anna L. Robinson ("Robinson") filed suit against Defendant Academy, and on September 16, 2009, the case was removed to this Court (doc. 1). Plaintiff alleges that on August 31, 2008, a stack of approximately twenty cots fell upon her while she was shopping at Defendant Academy's store in Baton Rouge, Louisiana (doc. 1, exhibit A). In her complaint, Plaintiff asserts that Academy's configuration and placement of the cots near the entrance of the store created a dangerous condition (doc. 1, exhibit A).

In April 2010, Plaintiff retained Andrew J. McPhate ("McPhate"), a mechanical engineer, to testify at the trial. On July 13, 2010, McPhate issued a report in which he concluded that that Academy did not exercise appropriate care

in stacking or transporting the cots, and that this created a dangerous condition (doc. 48, exhibit B).

On October 18, 2010, Defendant filed its Motion to Strike, Alternatively, Motion *In Limine* (doc. 48). Defendant asserts that McPhate's testimony will not assist the trier of fact to understand the evidence or determine fact in issue (doc 48). Defendant asserts that McPhate concluded that the stacking and configuration of the cots presented an unsafe condition solely because the cots fell without being touched by Plaintiff or another customer (doc. 48). Moreover, Defendant asserts that, in reaching his conclusions, (1) McPhate did not consider any evidence other than the Plaintiff's and another witness, Jewel Veal's ("Veal") descriptions of the incident; (doc. 48, exhibit C, pp. 31, 37, 45-47, 49-51, 53-54); (2) because the witness descriptions were not sufficiently detailed, and because McPhate did not have access to other evidence, he could not conduct any mathematical or scientific calculations (doc. 48, exhibit C, pp. 53-55).

On October 27, 2010, Plaintiff filed its motion in opposition (doc. 50). Plaintiff claims that McPhate's testimony will assist the trier of fact in determining that Defendant's employees failed to utilize standard protocol by not properly securing the cots before transporting them or rearranging them if they had shifted during transport (doc. 50, exhibit A, pp. 21, 57-59).

Under Federal Rule of Civil Procedure 702, an expert witness's testimony is admissible only if it "will assist the trier of fact to understand the evidence or to determine a fact in issue"—that is, the expert must provide some scientific,

technical, or specialized insight beyond the common knowledge of the jury. Fed. R. Evid. 702; see also *Peters v. Five Star Marine Serv.*, 898 F.2d 448, 450 (5th Cir. 1990) (stating that expert testimony should not be admitted if "the jury could adeptly assess [the] situation using only their common experience and knowledge"). Moreover, an expert's testimony is admissible only if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

The Court finds that McPhate's testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue. In reaching his conclusion that the configuration and placement of the cots created a dangerous condition, McPhate relied solely upon the testimony of Robinson and Veal, who stated only that the cots fell without Robinson or another customer touching the cart (doc. 48, exhibit C, pp. 31, 47, 50, 51). However, McPhate received no evidence of how the cots were configured, how high they were stacked or what occurred from the time Defendant's employee loaded the them onto the cart to the time they were placed at the front of the store (doc. 48, exhibit C, pp. 37, 53). Moreover, McPhate explicitly stated that he did not rely on any scientific, mathematical or scientific evidence or calculations in reaching his conclusion and that Plaintiff's and Veal's accounts were "not detailed enough to do calculations" (doc. 48, exhibit C, pp. 46, 47, 53, 54). Instead, McPhate simply concluded that "the fact that [the cots] fell says that [they] weren't in a stable configuration" (doc.

3

48, exhibit C, pp. 50).[1] Though McPhate's conclusion may be sound, expert testimony is hardly needed to reach it.

Plaintiff claims that McPhate's testimony will assist the trier of fact in determining that Defendant's employee did not follow standard protocol in failing to secure the cots when transporting them or failing to rearrange them if they had shifted during transport (doc. 50, p. 3). However, McPhate himself acknowledged that such a conclusion was a matter of "common sense" (doc. 48, exhibit C, p. 51). And when asked "[w]hat expert testimony [he could] give that a jury would not be able to come up with on their own?," McPhate replied that "[t]hey should be able to come up with it on their own" (doc. 48, exhibit C, p. 55).

Therefore, the Court will GRANT Defendant's Motion to Strike, Alternatively, Motion *in Limine* to Exclude Plaintiff's Expert Witness, Andrew J. McPhate (doc. 48).

---

[1] When asked upon what evidence he based his conclusion that the cots were stacked in an unstable manner, McPhate responded that "[t]hey fell," "[they] fell without someone bumping [them]" and said "[o]ther than that, I don't need to know anything." (doc. 48, exhibit C, pp. 45, 46, 49)

## **CONCLUSION**

Accordingly, because McPhate's proposed testimony will not assist the trier of fact in understanding the evidence or determining a fact in issue, the Court will GRANT Defendant's Motion to Strike, Alternatively, Motion *in Limine* to Exclude Plaintiff's Expert Witness, Andrew J. McPhate (doc. 48).

Signed in Baton Rouge, Louisiana this 22nd day of November, 2010.

JUDGE JAMES. J. BRADY
MIDDLE DISTRICT OF LOUISIANA