UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANNA L. ROBINSON

VERSUS

ACADEMY LOUISIANA CO., L.L.C., D/B/A
ACADEMY SPORTS + OUTDOORS

CIVIL ACTION

NO. 09-771-JJB-SR

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff's motion (doc. 51) for summary judgment. Defendant has filed an opposition (doc. 54). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

The following facts are undisputed. On August 31, 2008, a stack of approximately twenty cots fell upon Plaintiff Anna L. Robinson ("Robinson") while she was shopping at Defendant Academy Louisiana Company, L.L.C. d/b/a Academy Sport + Outdoors' ("Academy") store in Baton Rouge, Louisiana (doc. 1, exhibit A). Prior to the incident, an Academy employee transported two stacks of cots and placed them near the front entrance of the store (doc. 51, exhibit 2, pp. 10-12). Soon thereafter, one of the stacks—which was taller than Plaintiff— fell upon her as she was walking past it (doc. 51, exhibit 1, pp. 57-66; exhibit 2, p. 13). Plaintiff and an eyewitness, Jewel Veal ("Veal"), testified that neither Plaintiff nor another customer touched the stack in the moments prior to it falling on Plaintiff (doc. 51, exhibit 1, pp. 55, 57-58; exhibit 2, p. 14-15).

1

On August 28, 2009, Plaintiff filed suit against Defendant, and on September 16, 2009, the case was removed to this Court (doc. 1).  In her complaint, Plaintiff asserts that Academy was negligent in placing the cots near the front of the store and failing to properly restrain them (doc. 1, exhibit A).[1]

On October 27, 2010, Plaintiff filed its motion (doc. 51) for summary judgment.  Plaintiff asserts that (1) the doctrine of res ipsa loquitor applies to her case and establishes Defendant's negligence; and (2) Defendant failed to keep its premises in a reasonably safe condition in violation of Louisiana Revised Statute section 9:2800.6 ("RS 9:2800.6") (doc. 51).

On November 15, 2010, Defendant filed its motion (doc. 54) in opposition to Plaintiff's motion for summary judgment.  Defendant asserts that (1) res ipsa does not apply because Plaintiff relies on more than circumstantial evidence and because the evidence fails to eliminate other probable causes; and (2) there are genuine issues of material fact surrounding the incident that preclude the Court from granting summary judgment (doc. 54).

Under Federal Rule of Civil Procedure 56, a Court may grant a motion for summary judgment if the evidence establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  A fact is "material" if it might affect the outcome of the suit based upon governing law.

---

[1] In particular, Plaintiff asserts that Defendant was negligent in the following ways: (1) creating a dangerous or hazardous condition; (2) failing to properly handle store merchandise; (3) failing to properly stock, store and secure merchandise in a safe manner; (4) failing to keep its aisles safe for customers; and (5) failing to adequately train its employees.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" if there is sufficient evidence that a jury could return a verdict for the non-movant. *Id.* If the movant carries its burden, the non-movant, in order to survive the motion for summary judgment, must then demonstrate the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

*Res ipsa loquitur* ("*res ipsa*") is a rule of evidence that permits the trier of fact to infer the defendant's negligence simply from the circumstances surrounding the injury and permits a court to grant summary judgment in the plaintiff's favor. *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 966 So. 2d 36, 41 (La. 2007); *Justiss Oil Co., Inc. v. Monroe Air Ctr., L.L.C.*, 46 So. 3d 725, 728-29 (La. Ct. App. 2d Cir. 2010); *Gautreaux v. W. W. Rowland Trucking Co., Inc.*, 757 So. 2d 87, 92-93 (La. Ct. App. 5th Cir. 2000). For the doctrine to apply, (1) the injury must be of the type that does not ordinarily occur in the absence of negligence; (2) the evidence must sufficiently eliminate other, more probable causes for the injury; including the plaintiff's conduct, and (3) the defendant's alleged negligence must be within the scope of defendant's duty to the plaintiff. *Linnear*, 966 So. 2d at 41. Under Louisiana Law, "*[a] merchant owes a duty to persons who use his premises* to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Rev. Stat. Ann. § 9:2800.6 (2010)

(emphasis added). However, the doctrine does not apply if there is sufficient direct evidence explaining the injury. *Linnear*, 966 So. 2d at 41; *Cangelosi v. Our Lady of the Lake Med. Ctr.*, 564 So. 2d 654, 660 (La. 1989).

The Court finds that *res ipsa* applies. Plaintiff has met the three requirements for the application of *res ipsa* under Louisiana law. First, Plaintiff's injury is of the type that does not ordinarily occur in the absence of negligence. *Linnear*, 966 So.2d at 41. For a stack of items to fall, the stack must have been improperly arranged in the first instance or subsequently disturbed. Second, the evidence sufficiently eliminates other, more probable causes for the injury, including the Plaintiff's conduct. *Linnear*, 966 So.2d at 41. Both Plaintiff and Veal testified that neither Plaintiff nor another individual disturbed the stack prior to it falling upon Plaintiff, making improper stacking the most probable cause of the accident (doc. 51, exhibit 1, pp. 55, 57-58; exhibit 2, pp. 14). Finally, the Defendant's alleged negligence is within the scope of its duty to the Plaintiff. *Linnear*, 966 So.2d at 41. Under Louisiana law, a merchant, such as Defendant, owes a duty to its customers to keep its premises in a reasonably safe condition. La. Rev. Stat. § 9:2800.6. Moreover, Plaintiff has not offered sufficient direct evidence[2] to establish the ultimate facts at issue. *Linnear*, 966 So. 2d at 41. Plaintiff's and Veal's testimony merely permit the inference—but do not directly

---

[2] Veal testified that an Academy employee arranged the cots in two stacks—each of which were taller than her—, transported the cots to the front of the store, and placed them against a window near the store's entrance (doc. 51, exhibit 1, p. 56; exhibit 2, pp. 10-13). Both Plaintiff and Veal also testified that the cots fell upon Plaintiff without being touched by Plaintiff or another customer or employee (doc. 51, exhibit 1, pp. 55, 57-58; exhibit 2, pp. 14).

4

establish—that the cots were improperly stacked and fell upon Plaintiff because they were improperly stacked. Thus, the Court finds that *res ipsa* applies.

Moreover, The Court also finds that there is no genuine issue of material fact. Again, Veal testified that she saw Defendant's employee stack the cots and transport them to the entrance of the store (doc. 51, exhibit 1, p. 56; exhibit 2, pp. 10-13). Both Plaintiff and Veal testified that the stack of cots was taller than Plaintiff. (doc. 51, exhibit 1, p. 56; exhibit 2, pp. 10-13). Both Plaintiff and Veal testified that the cots fell upon Plaintiff without being touched by Plaintiff or another individual (doc. 51, exhibit 1, pp. 55, 57-58; exhibit 2, pp. 14). Defendant has failed to produce any evidence contradicting Plaintiff's account.

In addition, the Court finds that Plaintiff is entitled to prevail as a matter of law. Since the doctrine of *res ipsa* applies, the court is permitted to infer the negligence of the defendant and grant summary judgment on behalf of Plaintiff. *Justiss Oil Co.*, 46 So. 3d at 728-29; *Gautreaux*, 757 So. 2d at 92-93.

## **CONCLUSION**

Accordingly, the Court hereby GRANTS Plaintiff's motion (doc. 51) for summary judgment on the issue of liability.

Signed in Baton Rouge, Louisiana this 3rd day of January, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**