UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANNA L. ROBINSON

VERSUS

ACADEMY LOUISIANA COMPANY, L.L.C.

CIVIL ACTION

NO. 09-771-JJB-SCR

## RULING ON PLAINTIFF'S MOTION *IN LIMINE*

Before the Court is Plaintiff Anna L. Robinson's ("Robinson") Motion (doc. 63) *in Limine*. Defendant Academy Louisiana Company, L.L.C. ("Academy") has filed an opposition (doc. 67). There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Court DENIES Plaintiff's motion.

## Background

On August 31, 2008, a stack of approximately twenty cots fell upon Robinson while she was shopping at Academy's store in Baton Rouge, Louisiana. Thereafter, Robinson filed suit alleging that Academy's employees had negligently configured the cots and that she suffered injuries to her spine as a result of the incident.

On April 4, 2011, Academy notified Robinson's counsel that it had identified three physicians which it intended to add to its list of "may call witnesses": Dr. Marykutty Thomas, Dr. Brian Saunders and Dr. Sudherra Rachamallu (collectively "the Doctors"). The Doctors each treated Robinson for

1

injuries she sustained in subsequent incidents. On February 21, 2009, Robinson was involved in a motor vehicle accident and thereafter filed suit for injuries to her neck and back. On July 27, 2009, Robinson slipped and fell at a Church's Fried Chicken store and again filed suit for injuries to her neck and back.

On April 27, 2011, Robinson filed a Motion (doc. 63) *in Limine* to prevent the Doctors from testifying as to the car accident or slip-and-fall or the treatment they provided in response. Academy filed its opposition (doc. 67) on May 11, 2011.

## Discussion

Plaintiff claims that the Doctors testimony as to the subsequent incidents or the treatment they provided would be unfairly prejudicial and confusing to the jury (doc. 63). Defendant asserts that the Doctors' testimony is necessary to establish whether and to what extent Robinson's injuries were the result of the Academy incident or the subsequent incidents (doc. 67).

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under the Federal Rules, relevant evidence is admissible unless otherwise proscribed. Fed. R. Evid. 402. Relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. However, exclusion of relevant evidence on the grounds of unfair prejudice or

2

confusion is "an extraordinary remedy to be used sparingly." 29 Am. Jur. 2d *Evidence* § 330 (2011); *United States v. Thevis*, 665 F.2d 616, 633 (5th Cir. 1982). In lieu of excluding relevant evidence on these grounds, courts often employ the less drastic measure of issuing a limiting instruction to curb the evidence's prejudicial or confusing effect. *See, e.g.*, *United States v. Crowely*, 533 F.3d 349, 355 (5th Cir. 2008). In addition, though possibly relevant, evidence of other acts "is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

The Court finds that the evidence is admissible. It is axiomatic that the plaintiff in a tort suit must establish that the defendant caused his damages and the extent of his damages. *Coutee v. Global Marine Drilling Co.*, 924 So. 2d 112, 117 (La. 2006). Whether and to what extent Plaintiff's damages were caused by the Academy incident or caused or aggravated by the subsequent incidents are critical issues in the present suit. Because the Doctors' testimony has the tendency to clarify these issues, it is admissible unless barred by some other provision. Fed. R. Evid. 402. Though Federal Rule of Evidence 403 prohibits evidence when its probative value is substantially outweighed by the danger of unfair prejudice or jury confusion, the Court finds that this is not the case here. Again, evidence that Plaintiff was involved in two other accidents is highly probative on the issues of causation and damages. The Doctors' testimony, rather than confusing the jury, would likely contribute to the jury's understanding of which injuries are attributable to which accident.

Moreover, the Court recognizes the danger of unfair prejudice in this case. The jury might very well infer that Plaintiff's claims are not meritorious—but simply the product of her litigious nature—because she has recently filed two other negligence suits. Prejudice aside, Defendant simply may not admit evidence of the other incidents to show that Plaintiff has a history of litigiousness in order to show that she is simply being litigious in this case. Fed. R. Evid. 404(b). In either case, however, the Court finds that a limiting instruction suffices. As such, the Court will only permit the Doctors to testify as to Plaintiff's injuries and the extent to which they believe those injuries resulted from the various incidents. The Doctors will not be permitted to discuss the law suits relating to the car accident or slip-and-fall.

## **CONCLUSION**

Accordingly, the Court hereby DENIES Plaintiff's Motion (doc. 63) *in Limine*.

Signed in Baton Rouge, Louisiana this 6th day of June, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**